IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Criminal No. 3:08-590-CMC |
| vs. | **OPINION AND ORDER** |
| Juan Mendoza, | |
| Defendant. | |

This case comes before the court on Defendant's *pro se* Motion for Reduction Pursuant to the First Step Act, Fair Sentencing Act, and Amendments 750 and 782. ECF No. 1825. The United States Probation Office filed a Sentence Reduction Report indicating Defendant does not qualify for relief under the First Step Act. ECF No. 1835. Defendant filed a reply. ECF No. 1841.

The court has reviewed the above filings as well as Defendant's Third Superseding Indictment (ECF No. 561), Plea Agreement (ECF No. 602), Transcript of Rule 11 hearing (ECF No. 1108), and PreSentence Report ("PSR") (ECF No. 1835-1), and concludes that Defendant is not entitled to relief under the First Step Act or Amendments 750 and 782.

Defendant entered a guilty plea to Count 1 of the Third Superseding Indictment, which charged Defendant:

> knowingly and intentionally did combine, conspire, agree together and have tacit understanding with each other and with other persons, both known and unknown to the grand jury, to knowingly, intentionally, and unlawfully possess with intent to distribute and distribute cocaine and cocaine base (commonly known as "crack" cocaine), both Schedule II controlled substances, and marijuana, a Schedule I controlled substance, said conspiracy involving 5 kilograms or more of cocaine, 50 grams or more of cocaine base and a quantity of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(D); All in violation of Title 21, United States Code, Section 846.

ECF No. 561. The Plea Agreement provided as to Count 1:

The Defendant agrees to plead guilty to Count 1 . . . of the Third Superseding Indictment now pending, which charges conspiracy to possess with intent to distribute 5 kilograms or more of cocaine . . . [a] violation of Title 21, United States Code, Sections 846. . . .

In order to sustain its burden of proof as to this offense, the Government is required to prove the following:

Count One

(A) The conspiracy described in Count 1 was knowingly and willfully formed and was in existence on the dates set forth in the Third Superseding Indictment;
(B) The defendant knowingly joined the conspiracy; and
(C) The defendant personally possessed with intent to distribute or distributed 5 kilograms or more of cocaine, specifically agreed to the distribution of that drug quantities, or the distribution of same was reasonably foreseeable to the defendant and within the scope of his agreement.

Possible Penalties for 21 U.S.C. §§ 846
Mandatory minimum term of 10 years, maximum term of life imprisonment, maximum fine of $4 million dollars and a term of supervised release of at least 5 years plus a special assessment of $100.

ECF No. 602 at 1-2.

At the Rule 11 hearing, the court advised Defendant as follows regarding Count 1:

Now, in order for the government to prove these two charges, the government would be required to prove as to count 1 that this conspiracy described in count 1 was knowingly and willfully formed and in existence on or about these dates as set forth in the third superseding indictment.
That, at some point during the life of that conspiracy, you knowingly joined that conspiracy. And that during the time you were in the conspiracy, you either personally possessed with intent to distribute or distributed five kilos of cocaine, or you specifically agreed to distribution of that drug quantity and type, or the distribution of it was reasonably foreseeable to you and within the scope of your agreement in the conspiracy.
. . .
Do you understand these two charges and what the government would be required to prove to make them out against you, Mr. Mendoza?
A: Yes.

ECF No. 1108 at 21:19-22:6, 22:17-20. Thereafter, the prosecutor summarized evidence of Defendant's involvement in a conspiracy to distribute multi-kilogram quantities of cocaine to a number of persons. Following this summary, the court inquired of Defendant as follows:

> Q: All right, Mr. Mendoza, do you agree that you were involved in a drug conspiracy as charged in the third superseding indictment?
> A: Yes.
> Q: Do you agree that you personally possessed or distributed five kilos or more of cocaine?
> A: Yes.

*Id.* at 27:17-23. It is apparent from the Rule 11 colloquy the factual basis for Defendant's guilty plea was not conspiracy to distribute cocaine base, but conspiracy to distribute five kilograms or more of cocaine.

The PSR described Defendant's involvement in a conspiracy to distribute multi-kilogram quantities of cocaine and marijuana in the Columbia area of South Carolina. ECF No. 1835-1 at ¶ 14. At sentencing the court held Defendant responsible for 50 to 150 kilograms of cocaine for guideline purposes.

The court will deny Defendant's motion. The record reflects Defendant agreed to plead guilty and did plead guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine. He admitted he personally possessed or distributed five kilograms or more of cocaine as part of the conspiracy. ECF No. 1108 at 27. His statutory penalty was not therefore controlled by the 50 grams or more of cocaine base charged in Count 1. Nor was his sentence. Because he admitted guilt to conspiracy to distribute five kilograms or more of cocaine, his statutory penalty was ten years to life, without any consideration of 50 grams or more of cocaine base.

3

The First Step Act amended penalties for cocaine base, but not cocaine. This was intended to rectify a disparity caused by crack cocaine's effect on sentences prior to 2010. There was no such disparity in this case. For reasons set forth above, Defendant's Motion for Reduction (ECF No. 1825) is denied.

Defendant also seeks relief under Amendments 750 and 782. Similar to the First Step Act, Amendment 750 implemented the Fair Sentencing Act in amending the drug table and required weights to trigger certain penalties for cocaine base *only*, not cocaine. As determined above, Defendant pled guilty to possession with intent to distribute cocaine only – not cocaine base. Moreover, his sentencing guidelines were based on 50 to 150 kilograms of cocaine. Therefore, Amendment 750 is not applicable to Defendant's case.

Defendant previously moved for and was denied a reduction under Amendment 782 as he received a variance at sentencing that could not be applied in a proceeding under 18 U.S.C. § 3582. ECF Nos. 1639 (motion), 1868 (Order)

Pursuant to *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010), "the clear intent of § 3582 is to *constrain* postjudgment sentence modifications . . . ." Section § 3582(c) "gives a district court one—and only one—opportunity to apply the retroactive amendments and modify the sentence." *United States v. Mann*, 435 F. App'x 254, 254 (2011) (citing *Goodwyn*, 596 F.3d at 236); *see also United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011). "[T]he rule is the same for both purely successive § 3582(c)(2) motions and § 3582(c)(2)-based motions for reconsideration: A defendant cannot obtain relief on the basis of such motions, but this prohibition

is non-jurisdictional and thus subject to waiver." *United States v. May*, 855 F.3d 271, 275 (4th Cir. 2017).

Regardless of the prohibition on successive motions, Defendant's motion fails on the merits because he is not entitled to a reduction pursuant to Amendment 782. Defendant was granted a variance at sentencing after a defense motion for a sentence below the advisory guidelines. *See* ECF No. 885 at 4 (Statement of Reasons). The variance applied at sentencing cannot be applied in a proceeding pursuant to § 3582(c)(2). Therefore, Defendant's guideline range was not lowered by application of Amendment 782. ECF No. 1662. Accordingly, Defendant's motion for reduction under Amendment 782 is denied.

For the reasons above, Defendant's motion (ECF No. 1825) is denied in its entirety.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 15, 2019